[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage brought to the Waterbury Superior Court.
The parties were married on July 28, 1973 at Waterbury, Connecticut. They have resided in the state of Connecticut for at least twelve months before the commencement of this action.
The court has the requisite jurisdiction to proceed to judgment in this matter.
Having considered the evidence and testimony elicited at trial and having also considered the provisions of Sections46b-81 and 46b-82, Conn. General Statutes as well as other relevant statutes, the court makes the following findings and orders.
The parties have no minor children issue of the marriage. CT Page 13575
The allegation that the marriage of the parties has broken down irretrievably has been proven. A judgment dissolving the marriage on that ground is hereby entered.
The defendant-husband did not appear in court at the time of trial. He was reported to be in Florida recuperating from hip replacement surgery and not able to travel to Connecticut. (Deft. Exhibit 1). He was represented at trial by his attorney who proceeded in his absence.
The plaintiff-wife was 60 years old at the time of trial. She has been employed as a housekeeper for a number of years and has had several steady clients. The plaintiff that at the time of trial she was working for only one steady client and had been employed by her, on average, for eleven hours per week at $15.00 per hour for approximately 44 weeks per year. That income was estimated to be $7,260.00. (Deft. Ex. 3). She had other sporadic employment. She reported her average weekly income to be $165.00 per week from housekeeping.
On her financial affidavit the plaintiff listed savings bonds "original value $70,000.00" and further noted that they were "in the possession of the defendant." When pressed, the most specific information the plaintiff could give the court regarding those bonds was that at one point in time she "saw" several bonds in with a face values of $5,000.00, $10,000.00 and "some" in the amount of $1,000.00. She had no idea what their present value was or even if they (still) existed.
The defendant did not shed any light on the mystery bonds because he did not appear or testify about anything.
The plaintiff testified that she had no pension but did have one IRA which she listed on her financial affidavit and valued at $1,000.00. She had medical benefits through the defendant's employment.
The pendente lite orders required the defendant to pay the car taxes, the real estate taxes, the water bill, the homeowner's insurance, the sewer taxes and the plaintiff's car insurance and car loan. This was to be in lieu of alimony pendente lite. The plaintiff testified that the defendant had not made any of those payments and that she had paid them. CT Page 13576
The defendant offered evidence that he was, at the time of the trial, unable to resume employment after having undergone left hip replacement and would be required to undergo several months of rehabilitation.
The defendant has been employed by the City of Waterbury. The plaintiff was unsure how long he had been so employed. A financial affidavit of the defendant filed in this case in March, 1997 indicated his gross weekly earnings from that employment to be $630.00 per week which netted him $536.00 per week. The court finds that to be his earning capacity regarding employment. He also receives a V.A. pension in the amount of approximately $127.00 per month. His total average net weekly income, is found to be $607.00, subject to correction.
On his financial affidavit dated May 1, 1998, the defendant reported a vested pension with the City of Waterbury having an estimated worth of $10,000 and also an IRA valued at $2,148.00.
Aside from the "mystery" U.S. savings bonds mentioned above, the only valuable assets reported are the parties' motor vehicles and the marital residence. The marital residence was valued at between $75,000.00 and $80,000.00 and was free of any mortgage.
ORDERS
The court enters the following orders:
I. DISSOLUTION OF MARRIAGE
Having found that the marriage of the parties has broken down irretrievably, the court hereby decrees that the marriage of the parties is dissolved and that they are single and unmarried.
II. ALIMONY
The court orders that the defendant shall pay to the plaintiff the sum of $150.00 per week as periodic alimony. That obligation shall continue until the earliest of the following events:
a. The death of either party.
b. The remarriage of the plaintiff. CT Page 13577
C. Cohabitation by the plaintiff as that term is defined by statute.
D. November 24, 2004.
III. BY WAY OF PROPERTY DISTRIBUTION
A. REAL PROPERTY —
The plaintiff is awarded exclusive use and possession of the marital residence located at 70 Meadowbrook Drive, Waterbury, Connecticut. The defendant shall be solely responsible for the real estate and sewer taxes, the water bill and the homeowner's insurance. The parties shall share equally the cost any major repairs which may be required on said property. The plaintiff shall be solely responsible for all other utilities and routine expenses related to said premises.
On November 24, 2000, or sooner if the plaintiff so elects, the parties shall list the list the said property for sale through an agent or broker mutually agreed upon. Upon the sale of said residence the net proceeds after sale shall be divided between the parties as follows: forty (40%) per cent shall be paid to the defendant and sixty (60%) per cent shall be paid to the plaintiff. This court shall retain jurisdiction over the orders regarding such sale. If the parties cannot agree as to any aspect of those orders, the matter shall be referred to the Family Services office for mediation and to the court if no agreement can be reached.
B. PERSONAL PROPERTY —
Each of the parties shall retain the personal property listed on their respective financial affidavits, except as otherwise provided herein.
(1) Automobiles — the plaintiff shall retain the 1994 Chevrolet Caprice Classic automobile and the defendant shall execute any and all documents necessary to effectuate that order. The defendant shall retain the 1992 Chevrolet Caprice automobile. Each party shall be solely responsible for all costs relating to their respective automobiles, including but not limited to financing and taxes, and shall hold the other harmless thereon.
(2) Bank Accounts and Savings Bonds — The parties shall each retain the bank accounts listed on their respective CT Page 13578 financial affidavits except as follows.
The defendant shall convey to the plaintiff $1100.00 from the First Union bank account listed on his financial affidavit within 60 days from the date of this order.
IV. MISCELLANEOUS ORDERS
(1) Life Insurance — The defendant shall make the plaintiff the sole irrevocable beneficiary of his SBLI life insurance listed on his financial affidavit in the amount of $5,000.00. That policy shall be maintained by the defendant for the benefit of the plaintiff for so long as the defendant's obligation to provide alimony to the plaintiff continues.
(2) Medical Insurance — The defendant shall cooperate fully in any effort made by the plaintiff to obtain medical insurance under COBRA through the defendant's employer. The plaintiff shall be responsible for the cost of such medical insurance.
(3) Liabilities — Each party shall be solely responsible for the liabilities which appear on their respective financial affidavit filed at the time of trial. Each shall indemnify and hold the other harmless from any obligation arising from said liabilities.
By the Court
Joseph W. Doherty, Judge